**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HARRIET J. HAVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CV-319-GKF-FHM |
| ) | |
| BROKEN ARROW BONE & JOINT ) | |
| SPECIALISTS, P.C., ) | |
| ) | |
| Defendant. ) | |

**O P I N I O N  A N D  O R D E R**

This matter comes before the Court on "Broken Arrow Bone & Joint Specialists, P.C.'s Partial Motion to Dismiss" [Docket No. 11]. Defendant seeks dismissal of plaintiff's First and Second Causes of Action.

The Supreme Court has prescribed a revised inquiry for federal courts' use in assessing motions to dismiss for failure to state a claim – whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). Courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court explained that a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Bell Atlantic*, 127 S. Ct. at 1974. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plaintiff Harriet J. Havens' first two causes of action are based on alleged violations of the Rehabilitation Act of 1973. [Docket No. 2, ¶¶ 18 - 24, 29 U.S.C. § 701]. The Rehabilitation Act applies to entities receiving federal financial assistance.

> No otherwise qualified individual with a disability in the United States as defined in section 705(20) of this title, shall, solely by reason of his or disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a). In her Complaint plaintiff alleges that defendant receives federal financial assistance in the form of Medicare and Medicaid reimbursements. [Docket No. 2, ¶ 7].

Defendant acknowledges receipt of reimbursements from Medicare and Medicaid in exchange for medical services provided to patients. Defendant maintains that because Medicare and Medicaid receipts do not constitute a "subsidy," defendant has not received federal financial assistance, and plaintiff's cause of action under the Rehabilitation Act must be dismissed.

The Tenth Circuit Court of Appeals, in *DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d 1377 (10th Cir. 1990), discussed the analysis a court should undertake in determining whether payments constituted "federal financial assistance."[1] The Tenth Circuit declined to scrutinize the fair market value of each transaction.

> We agree with the *Jacobson* court's conclusion that 'in determining which programs are subject to the civil rights laws, courts should focus not on market value but on *the intention of the government*' to give a subsidy as opposed to government intent to provide compensation.

---

[1] Defendant relies on *DeVargas* as supportive of defendant's position that the payments received by defendant in this action do not constitute subsidies. *DeVargas* did not address Medicare or Medicaid receipts, but analyzed the replacement of government guards with private security guards with the Court concluding that "little doubt" existed that Congress did not intend to subsidize the operations because the replacement was done as a cost saving measure. *Id.* In addition, the government received value for services provided to the government by the security company after a competitive bidding process.

*DeVargas*, 911 F.2d at 1382 (citation omitted, italics in original).

In *United States v. Baylor University Medical Center*, 736 F.2d 1039 (5th Cir. 1984), the Fifth Circuit Court of Appeals concluded that Congress intended Medicaid and Medicare to constitute "federal financial assistance" for purposes of the Rehabilitation Act. *Baylor University*, 736 F.2d at 1045-46. *See also Frazier v. Bd. of Trustees of Northwest Mississippi Reg'l Med. Ctr.*, 765 F.2d 1278, 1289 (5th Cir. 1985); *Hubbard v. Twin Oaks Health & Rehab. Ctr.*, 408 F. Supp. 2d 923, 933 (E.D. Cal. 2004); *Dorer v. Quest Diagnostics, Inc.*, 20 F. Supp. 2d 898, 900 (D. Md. 1998) ("*Baylor* can unquestionably be read to stand for the proposition that receipt of Medicare or Medicaid funds by any entity . . . will bring the Rehabilitation Act into play."); *Zamora-Quesada v. HealthTexas Med. Group of San Antonio*, 34 F. Supp. 2d 433, 440 (W.D. Tex. 1998) (defendants receive Medicare funds making their operations subject to section 504); *Matter of Baby K*, 832 F. Supp. 1022, 1027 (E.D. Va. 1993) ("Hospitals such as plaintiff that accept Medicare and Medicaid funding are subject to the Act."); *Bhatt v. Uniontown Hosp.*, 1986 WL 30681 at 4 (W.D. Pa. March 20, 1986).

The clear weight of federal case law presently supports the proposition that Congress intended Medicaid and Medicare to constitute "federal financial assistance" for the purposes of Section 504 of the Rehabilitation Act of 1973.

**WHEREFORE**, defendant "Broken Arrow Bone & Joint Specialists, P.C.'s Partial Motion to Dismiss" is denied. [Docket No. 11].

**IT IS SO ORDERED** this 25th day of March 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

3